(Reap. Dec. 10992)

NATIONAL SILVER CO. v. UNITED STATES

Entry No. 705509.

(Decided May 26, 1965)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: The following appeal for reappraisement is before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That the merchandise covered by this appeal for reappraisement consists of glass articles (stemware) which were imported after the effective date of the Customs Simplification Act of 1956 and are not identified on the Final List published pursuant thereto (T.D. 54521) ; that appraisement was accordingly made under section 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act.

2. That on or about the date of exportation of the involved merchandise, the price at which such or similar merchandise was freely sold or offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and covering of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was $18.98 per gross less ocean freight of $1583.17 and inland freight and expenses of $123.51.

3. That the appeal may be submitted on this stipulation, the same being limited to the issues and the merchandise described hereinabove and abandoned in all other respects.

The stipulated facts established that the proper basis for appraisement of the merchandise, hereinabove identified, is statutory export value under section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, and such value is $18.98 per gross, less $1,583.17 for ocean freight and $123.51 for inland freight and expenses, and I so hold.

As to all other merchandise included on the invoice covered by the entry involved herein, the appeal for reappraisement is dismissed.

Judgment will be rendered accordingly.